404 F.2d 42
 UNITED STATES of America ex rel. Emanuel JOHNSON, Jr., H-3241, State Correctional Institution, Graterford, Penna., Appellant,
v.
Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Penna.
 No. 17234.
 United States Court of Appeals Third Circuit.
 Argued November 7, 1968.
 Decided December 3, 1968.
 Rehearing Denied January 9, 1969.
 
 David C. Harrison, Kramer & Harrison, Philadelphia, Pa., for appellant.
 Henry T. Crocker, Richard A. Devlin, Asst. Dist. Attys., Milton O. Moss, Dist. Atty., Norristown, Pa., for appellee.
 Before KALODNER, FORMAN and STAHL, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Appellant brought his petition for habeas corpus in the United States District Court for the Eastern District of Pennsylvania, alleging that his conviction[1] on charges of rape and robbery in the Pennsylvania state courts was constitutionally defective, in that evidence obtained as a result of an illegal arrest was used against him; certain admissions elicited by the police were introduced at trial, despite the fact that they had been made without appellant's being advised of his constitutional rights; and there was such a lack of evidence on which to support a conviction as to amount to a denial of due process. The District Court, after holding a hearing on the legality of the arrest, denied appellant's petition. Judge Luongo's able opinion fully sets forth the facts on which the instant appeal is based.[2]
 
 
 2
 Appellant's major contention revolves around the alleged unlawfulness of the arrest on April 25, 1961. Since the District Court held that the arrest warrant issued on April 19, 1961 was invalid, it is asserted that the police in arresting appellant in his home were in effect acting without a warrant, and thus, in the absence of a threat of immediate escape or some element of "hot pursuit," the arrest was invalid, even assuming the existence of probable cause. Alternatively, appellant argues that there was no probable cause on which to base the arrest.
 
 
 3
 The Supreme Court has never decided whether the police must obtain a valid warrant in making an arrest in a home, where probable cause for arrest exists, but there is no threat of immediate escape and the police are not engaged in "hot pursuit" of the suspect. In Jones v. United States, however, it is at least arguable that the Court indicated a negative attitude toward such warrantless arrests:
 
 
 4
 "These contentions, if open to the Government here, would confront us with a grave constitutional question, namely, whether the forceful nighttime entry into a dwelling to arrest a person reasonably believed within, upon a probable cause that he had committed a felony, under circumstances where no reason appears why an arrest warrant could not have been sought, is consistent with the Fourth Amendment. But we do not consider this issue fairly presented by this case, * * *"[3]
 
 
 5
 It is to be noted that in the instant case a warrant had been sought and was in fact issued. Despite the subsequent declaration of its invalidity, it would appear that the arresting officers were justified in not seeking another warrant. As the District Court reasoned:
 
 
 6
 "Since there was no urgency, a warrant of arrest should have been obtained by the Philadelphia police, but their failure to do so is explainable by their reasonable belief that the Springfield Township arrest warrant had been validly issued."[4]
 
 
 7
 Thus, if there was probable cause for appellant's arrest on April 25, 1961, that arrest must be considered lawful.
 
 
 8
 Appellant's attack on the District Court's finding of probable cause rests on his conclusion that the testimony of three police officers testifying at the hearing was in conflict with respect to the time and nature of his identification, which was the primary basis for his arrest. Suffice it to say that the District Court's determination that appellant was identified in a police station on April 21 by the victim of a previous sexual assault is amply supported by the record. Such a voice identification would constitute the requisite probable cause for arrest.
 
 
 9
 The other arguments raised on appeal have been examined and are found to be without merit. The order of the United States District Court for the Eastern District of Pennsylvania of January 31, 1968 denying appellant's petition for a writ of habeas corpus will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Appellant was sentenced to imprisonment for three consecutive terms of three to ten years each
 
 
 [2]
 United States ex rel. Johnson v. Rundle, 280 F.Supp. 453 (E.D.Pa.1968)
 
 
 [3]
 357 U.S. 493, 499-500, 78 S.Ct. 1253, 1257, 2 L.Ed.2d 1514 (1958). (Emphasis added.)
 
 
 [4]
 280 F.Supp. at 456