**UNITED STATES of America ex rel. Luddie BELLMON**

v.

**Angelo C. CAVELL, Warden, State Correctional Institution, Rockview, Pennsylvania.**

Civ. A. No. 70–3527.

United States District Court, E. D. Pennsylvania.

July 26, 1971.

Luddie Bellmon, pro se.

Arlen Spector, Dist. Atty., Philadelphia, Pa., for respondent.

OPINION AND ORDER

MASTERSON, District Judge.

Relator has filed a petition for a writ of habeas corpus attacking his 1969 conviction for larceny of auto, aggravated assault and battery, and fornication. He is now serving the first of two consecutive one and one-half to three year sentences.

In the instant petition, relator raises the same issues which were the basis of his direct appeal in the state courts:

(a) there was insufficient evidence to support a conviction for aggravated assault and battery;

(b) the jury disobeyed the instructions of the trial judge and returned a verdict of aggravated assault and battery on a bill of indictment which did not include that offense;

(c) the trial judge erred in declining to charge the jury that larceny is the

taking of personal property without the permission of the possessor.

The Superior Court of Pennsylvania affirmed the judgment of sentence per curiam. Commonwealth v. Bellman, 217 Pa.Super. 744, 268 A.2d 181 (1970). The Supreme Court of Pennsylvania denied allocatur on October 30, 1970.

 The alleged trial errors involving questions of state law are not cognizable in a federal habeas corpus petition. 28 U.S.C. § 2254(a). Whether the trial judge erred in his charge, or whether the jury disobeyed the trial judge's instructions, are questions which, although properly raised on direct appeal, cannot be adjudicated in the federal courts. Our habeas jurisdiction does not allow us to review the conclusions reached by the state appellate courts which rejected relator's claims founded on Pennsylvania law.

Similarly, we cannot review the sufficiency of the evidence in support of the conviction for aggravated assault and battery. The question presented to a federal court by such a claim, in the words of Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), is whether

"* * * the charges * * * were so totally devoid of evidentiary support as to render [the] conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. Decision of this question turns not on the sufficiency of the evidence, but on whether [the] conviction rests upon any evidence at all."

See United States of America ex rel. Max Feinberg v. Rundle, 444 F.2d 402 (3rd Cir. 1971); United States ex rel. Johnson v. Rundle, 280 F.Supp. 453 (E. D.Pa.), aff'd 404 F.2d 42 (3rd Cir. 1968), cert. denied, 395 U.S. 937, 89 S. Ct. 2004, 23 L.Ed.2d 453 (1969).

The crime of aggravated assault and battery is defined in relevant part as follows:

"Whoever unlawfully and maliciously inflicts upon another person, either with or without any weapon or instrument, any grievous bodily harm, or unlawfully cuts, stabs or wounds any other person, is guilty of a misdemeanor, * * *"

Pa.Stat.Ann. Title 18, Section 4709 (Purdon's 1964). Relator complains that there was no evidence of "grievous bodily harm" or wounding of the complainant. An examination of the notes of testimony quickly refutes the contention. The complainant testified that relator choked her in order to force her to the upstairs bedroom; squeezed her neck until she "couldn't breathe" in order to make her have sexual relations with him; bruised, scratched and scarred her so that she had to be taken to the Philadelphia General Hospital. (N.T. 2–18, 87–88). It is clear to us that relator's claim that there was no evidence of grievous bodily harm is frivolous.

The transcript reveals that relator had a fair trial in this and every other respect, in compliance with the requirements of due process.