UNITED STATES of America ex rel.
Maurice BROWN

v.

Angelo C. CAVELL, Warden, State Correctional Institution, Rockview, Pennsylvania.

Civ. A. No. 70-3529.

United States District Court,
E. D. Pennsylvania.

Aug. 9, 1971.

Maurice Brown, pro se.

Michael Mather, Dist. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

MASTERSON, District Judge.

Relator has filed a petition for a writ of habeas corpus attacking his 1969 convictions for assault and battery and aggravated assault and battery with intent to kill in the Court of Common Pleas of Philadelphia County. He is now serving a prison term of three to seven years.

■ In the instant petition, relator raises the same issues which were the basis of his direct appeal in the Pennsylvania appellate courts:[1]

1) The evidence was insufficient as a matter of law to sustain a conviction for assault with intent to kill;

2) The evidence was insufficient as a matter of law to support a conviction for aggravated assault and battery.

The Superior Court of Pennsylvania affirmed the judgment of sentence *per curiam.* Commonwealth v. Brown, 217 Pa.Super. 745, 268 A.2d 241 (1970). The Supreme Court of Pennsylvania denied relator's petition for allocatur on October 30, 1970.

---

1. Relator purports to incorporate by reference the points set forth in his brief presented to the Superior Court of Pennsylvania (October Term, 1970, No. 582). Although this does not comply with the requirements of our Local Rule 40, we will not dismiss the complaint for that reason.

■■ It is clear that we cannot review the sufficiency of the evidence in support of relator's conviction in a federal habeas corpus proceeding. The question presented to a federal court by such a claim, in the words of Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), is whether

> " * * * the charges * * * were so totally devoid of evidentiary support as to render [the] conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. Decision of this question turns not on the sufficiency of the evidence, but on whether [the] conviction rests upon any evidence at all."

See United States of America ex rel. Feinberg v. Rundle, 444 F.2d 402 (3rd Cir., filed June 28, 1971); United States ex rel. Johnson v. Rundle, 280 F.Supp. 453 (E.D.Pa.), aff'd, 404 F.2d 42 (3rd Cir. 1968), cert. denied, 395 U.S. 937, 89 S.Ct. 2004, 23 L.Ed.2d 453 (1969).

The crime of assault with intent to kill is defined as follows in Pa.Stat.Ann. Title 18, § 4710 (Purdon's (1963)):

> "Whoever administers, or causes to be administered by another, any poison or other destructive thing or stabs, cuts or wounds any person, or by any means causes any person bodily injury, dangerous to life, with intention to commit murder, is guilty of a felony, and shall on conviction, be sentenced to pay a fine not exceeding three thousand dollars ($3,000), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding seven (7) years, or both."

Aggravated assault and battery is defined as follows in Title 18, § 4709:

> "Whoever unlawfully and maliciously inflicts upon another person, either with or without any weapon or instrument, any grievous bodily harm, or unlawfully cuts, stabs or wounds any other person, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding two thousand dollars ($2,000), or un-

dergo imprisonment, either at labor by separate or solitary confinement or to simple imprisonment, not exceeding three (3) years, or both."

■ We have carefully reviewed the notes of testimony of relator's trial, and we find his contention that there was no evidence to support his conviction under these statutes to be groundless. In essence, the case involved an assault on a man by a group of six to seven youths. The victim suffered stab wounds in the stomach and back which resulted in complete and permanent paralysis of both legs. The victim testified that relator was one of the attackers, that relator inflicted several blows to his stomach, and that although he did not see a knife in relator's hand, these blows resulted in several stab wounds. Relator testified that he left the scene of the crime before the assault took place. The question was one of credibility; if the trial judge believed the prosecuting witness, there clearly was evidence that relator stabbed the victim which would justify a conviction under either of the above statutory provisions.

Relator's petition for a writ of habeas corpus will be denied with prejudice.